## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| TARA M. HOMBURG, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL ACTION |
| v. ) | |
| ) | No. 05-2144-KHV |
| UNITED PARCEL SERVICE, INC., ) | |
| ) | |
| Defendant. ) | |
| _____) | |

### NUNC PRO TUNC MEMORANDUM AND ORDER

On July 27, 2006, the Court entered an order which, inter alia, sustained defendant's motion for summary judgment as to plaintiff's claims that it retaliated against her in violation of Title VII of the Civil Rights Act of 1964 ("Title VII), as amended, 42 U.S.C. § 2000e et seq., by requiring that she travel more and not work from home. See Memorandum And Order (Doc. #69) filed July 27, 2006. In reaching its conclusion, the Court applied the same analysis for plaintiff's retaliation and discrimination claims, finding that defendant's requirements that plaintiff travel more and work from the office did not constitute adverse employment actions. Id. at 14-16, 21.

In Burlington N. & Santa Fe Rwy. Co., 126 S. Ct. 2405 (June 22, 2006), the Supreme Court found that the scope of the anti-retaliation provision under Title VII is broader than its substantive discrimination provision, i.e. that the anti-retaliation provision is not limited to discriminatory actions that affect the terms and conditions of employment. Id. at 2412-13. Instead, the Supreme Court found that to show retaliation, plaintiff must show only that a reasonable employee would have found the challenged action materially adverse, i.e. that it would have dissuaded a reasonable worker from making or supporting a charge of discrimination. Id. at 2415.

In light of Burlington, the Court finds that its memorandum and order should be amended with regard to plaintiff's retaliation claims. Specifically, the Court concludes that questions of fact exist regarding whether defendant's requirements that plaintiff travel more and work from the office constitute materially adverse actions for purposes of her retaliation claims. The Court therefore amends its previous order and overrules the motion for summary judgment with regard to plaintiff's Title VII claims that defendant retaliated against her by requiring her to travel more and work from the office.

**IT IS THEREFORE ORDERED** that the Memorandum And Order (Doc. #69) filed July 27, 2006 is amended as follows: Defendant United Parcel Service Inc.'s Motion For Summary Judgment (Doc. #57) filed March 31, 2006 is **OVERRULED** as to plaintiff's Title VII claims that defendant retaliated against her by requiring her to travel more and work from the office.

Dated this 1st day of August, 2006, at Kansas City, Kansas.

                                                s/ Kathryn H. Vratil
                                                Kathryn H. Vratil
                                                United States District Judge